11-214-cr
United States v. Hunley

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

Present:
 JON O. NEWMAN
 ROBERT A. KATZMANN,
 SUSAN L. CARNEY,
  *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

  *Appellee*,

  v. 11-214-cr

TAMARIO HUNLEY

  *Defendant-Appellant*,

DELISHA WILSON,

  *Defendant*.

_____

For Defendant-Appellant: JAMES M. BRANDEN, New York, N.Y. (John Humann and Hillary K. Green, Federal Public Defender's Office Western District of New York, Buffalo, N.Y., *on the brief*)

For Appellee:                     JOEL L. VIOLANTE, Assistant United States Attorney
                                  (Monica J. Richards, Assistant United States Attorney, *on
                                  the brief*), *for* William J. Hochul, Jr., United States
                                  Attorney for the Western District of New York, Buffalo,
                                  N.Y.


Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Tamario Hunley appeals a January 7, 2011 judgment of conviction

entered by the United States District Court for the Western District of New York (Arcara, *J.*)

following a jury trial in which he was found guilty of one count of unlawful possession of a

firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) and one count of unlawful

possession of crack cocaine, in violation of 21 U.S.C. § 844(a).  We presume the parties'

familiarity with the remaining facts and procedural history of this case.

We review *de novo* a district court's denial of a motion to dismiss a charge in the

indictment, whether the motion presents a mixed question of fact and law or solely a question of

law.  *United States v. Scott*, 394 F.3d 111, 116 (2d Cir. 2005) (mixed question of fact and law);

*United States v. Cuervelo*, 949 F.2d 559, 567 (2d Cir. 1991) (question of law).  We also review

*de novo* a district court's decision to give a challenged jury instruction.  *United States v. Dove*,

916 F.2d 41, 45 (2d Cir. 1990).

We turn first to Hunley's contention that the district court erred in denying his motion to

dismiss the felon-in-possession count because the firearm in question was destroyed by the

government prior to trial.  A criminal defendant is entitled to relief based on the government's

pre-trial destruction of (or failure to preserve) potentially exculpatory evidence where: "(1) the government . . . acted in bad faith in destroying the evidence; (2) the evidence . . . possess[ed] an exculpatory value that was apparent before it was destroyed; and (3) the defendant [was] unable to obtain comparable evidence by other reasonably available means." *United States v. Tyree*, 279 F. App'x 31, 33 (2d Cir. 2008) (citations, alterations, quotation marks, and brackets omitted); *see also Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.").

Here, the district court did not err in concluding that Hunley failed to meet his burden of establishing that the government destroyed the firearm in bad faith. Hunley did not adduce any evidence indicating that the Buffalo Police Department's failure to place a hold on the Erie County Central Police Services Laboratory's regularly scheduled destruction of the firearm was in any way willful or malicious. As the Supreme Court itself made clear in *Youngblood*, bureaucratic error alone is not a sufficient basis to infer bad faith on the part of the government in its destruction of potentially exculpatory evidence. 488 U.S. at 55 (lab technician failing to refrigerate, and thereby failing to preserve, semen samples from a sexual assault victim's clothing that "might have completely exonerated [the defendant]" not indicative of bad faith); *see also Tyree*, 279 F. App'x at 33 (no bad faith where evidence destroyed because of a "gap in the bureaucratic network"); *Hernandez v. Burge*, 137 F. App'x 411, 414 (2d Cir. 2005) (no bad faith where defendant failed to produce evidence showing destruction of evidence was "purposeful").

We next turn to Hunley's contention that the district court erred in instructing the jury that it could find him guilty on both the felon-in-possession and unlawful possession of cocaine counts if it found he exercised "joint possession" over the firearm and the drugs along with his then-girlfriend, Delisha Wilson. "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Naiman*, 211 F.3d 40, 51 (2d Cir. 2000) (internal quotation marks omitted). However, an erroneous instruction "is harmless if the jury's actual finding of guilty . . . would surely not have been different absent the constitutional error." *United States v. Ekinci*, 101 F.3d 838, 843 (2d Cir. 1996) (internal quotation marks omitted). "In deciding whether the finding of guilt would have been the same absent the error, we examine the erroneous instruction in the context of the instructions as a whole as well as the evidence." *Id.*

Here, Hunley does not contend that the district court's joint possession instruction misrepresents the governing law in this area, but rather that it was erroneous to issue a joint possession instruction in the circumstances of this case because "the evidence presented by the Government compelled the conclusion that either Mr. Hunley or Ms. Wilson solely possessed the gun and drugs." Appellant's Br. at 30. We disagree. The government adduced sufficient evidence at trial from which a reasonable jury could conclude that Wilson and Hunley exercised joint possession over the firearm and the drugs. Both items were found in an automobile that was owned by Wilson, but which was being driven by Hunley. Moreover, we do not think it would be unreasonable for a jury to disbelieve Wilson's testimony that she had no prior knowledge of or possessory control over the gun, while still believing her detailed account of how Hunley attempted to hide the gun under the front seat of the car and then walked away from the car under the mistaken belief that a police officer could not search the car if he was not inside it.

In addition, the district court correctly held that Hunley was not prejudiced by the joint possession jury instruction. As an initial matter, a joint possession theory of liability does not deviate from the indictment, which charged both Hunley and Wilson with unlawful possession of the firearm and the drugs. J.A. 18 (indictment stating that "TAMARIO HUNLEY and DELISHA WILSON, unlawfully did knowingly possess a firearm" and "TAMARIO HUNLEY and DELISHA WILSON, did knowingly, intentionally and unlawfully possess [crack cocaine]"); *see United States v. Mapp*, 170 F.3d 328, 337 (2d Cir. 1999) (declining to vacate a conviction, even though the court issued a supplemental jury instruction relating to a theory of liability not argued by the government at trial, because the supplemental instruction did not "deviate[] from the charges contained in the indictment" and the defendant could not show prejudice). Moreover, Hunley does not identify any arguments he would have made, or defenses he would have asserted, had the government emphasized its theory of joint possession earlier in the trial. *See United States v. James*, 998 F.2d 74, 79 (2d Cir. 1993) (holding that defendant was not prejudiced by the court's issuance of a supplemental jury instruction adding a new theory of liability where defendant did not "forgo any defenses he might otherwise have asserted" at trial). Finally, the government included in its requests to charge, filed with the district court two weeks before the trial began, proposed jury instructions on joint possession that are nearly identical to those made by the district court at trial. Accordingly, Hunley was on notice, well before trial began, that the government would advance, and seek to rely on, a theory of joint possession. Under these circumstances, Hunley cannot show that he was prejudiced by the district court's inclusion of the joint possession instruction in its charge to the jury.

We have considered Hunley's other arguments on appeal and find them to be without

merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK